UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOHNNY EDWARD McMAHON,

           Petitioner,

vs.

WARDEN NEVEN, et al.,

           Respondents.

Case No. 2:12-cv-00774-MMD-CWH

**ORDER**

      The Court noted that petitioner appeared to have not exhausted his available remedies in state court for all of his grounds. Petitioner stated that he did not raise any of the grounds in his direct appeal, that he did raise all of the grounds in his state habeas corpus petition, and the appeal from the denial of his state habeas corpus petition is still pending. *See* Order, at 1 (dkt. no. 8). The Court directed petitioner to show cause why the Court should not dismiss this action. *Id.*, at 2. Now before the Court are petitioner's motion to stay and hold in abeyance petitioner's habeas corpus petition (dkt. no. 9), respondents' opposition (dkt. no. 10), and petitioner's reply (dkt. no. 11).

      Petitioner's motion (dkt. no. 9) contains no argument why the Court should grant a stay. In petitioner's reply (dkt. no. 11), he argues about the legality of his arrest and the determination of probable cause. Those arguments are irrelevant to whether he has exhausted his state-court remedies. *See* 28 U.S.C. § 2254(b).

      There are two methods by which the Court can stay this action, but neither method is applicable. First, the court has discretion to stay a <u>mixed</u> petition, containing

both exhausted grounds and unexhausted grounds. *Rhines v. Weber,* 544 U.S. 269 (2005). However, the amended petition (dkt. no. 6) is not mixed. It is fully unexhausted, and the *Rhines* procedure is inapplicable. Second, the Court has discretion to (1) allow the petitioner to file an amended petition that deletes the unexhausted claims, (2) stay and hold in abeyance the amended, fully exhausted petition while the petitioner returns to state court, and (3) reopen the action and allow the petitioner to file another amended petition that includes the newly exhausted claims. *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). This procedure is inapplicable because all of petitioner's claims are unexhausted; an amended petition that deletes the unexhausted claims would contain nothing. Consequently, the Court will dismiss this action.

IT IS THEREFORE ORDERED that petitioner's motion to stay and hold in abeyance petitioner's habeas corpus petition (dkt. no. 9) is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice for petitioner's failure to exhaust his available remedies in state court. The clerk of the court shall enter judgment accordingly.

DATED THIS 11th day of September 2012.

_____
UNITED STATES DISTRICT JUDGE